## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Optobionics Corporation** | ) | No. 07 B 08141 |
| | ) | |
| 02-0622897 | ) | Chapter 7 |
| **Debtor** | ) | |
| | ) | Hon. John H, Squires |

### THIRD AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public Accountants, request third and final compensation of $6,094.40 and expenses of $83.78 for the time period from August 13, 2008 through October 5, 2009. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached as Exhibit A is the Affidavit pursuant to Bankruptcy Rule 2016.

The Applicant accordingly, submits its Third and Final Fee Application for allowance and payment of compensation for the above amount totaling in the amount of $6,094.40 for actual, reasonable and necessary professional services rendered and reimbursement of the actual, reasonable and necessary expenses incurred of $83.78 during the period from August 13, 2008 through October 5, 2009 for the Application (the "Third and Final Compensation Period"). In further support of this Third and Final Fee Application, Alan D. Lasko & Associates, P.C. ("ADLPC") respectfully states as follows:

# OPTOBIONICS CORPORATION

## INTRODUCTION

This Court has jurisdiction over this Third and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

A voluntary Petition was filed by the Debtor on May 2, 2007 under Chapter 7 of the Federal Bankruptcy Code. The Court issued an order approving this Firm as the accountants for the Trustee on June 15, 2007. Reflected in this fee petition is the Applicant's time to prepare Debtor

## OPTOBIONICS CORPORATION

year 2008 final return. Subsequent to this, the case remained open and the Trustee requested that the 2008 return be amended and the 2009 return be the final tax year.

A recap of compensation requested is as follows:

|  | Amount |
|---|---|
| Billing | $ 104.00 |
| Year-End Work | 4,126.80 |
| Amended Returns | 1,863.60 |
|  | $ 6,094.40 |

The Applicant has had its first interim fee petition ruled upon for compensation of $11,931.20 and expenses of $297.02 for the time period June 15, 2007 through September 27, 2007.

The Applicant has not had its second interim fee petition ruled upon yet for compensation of $8,217.10 and expenses of $37.02 for the time period September 28, 2007 through August 12, 2008.

The following represents a description of the primary individuals in this engagement.

.

### Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 23 years. He brings his 33 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor

3

## OPTOBIONICS CORPORATION

and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF).  Mr. Lasko is also a member of the American Bankruptcy Institute, the National Association of Bankruptcy Trustees, the American Institute of Certified Public Accountants and the Illinois CPA Society.  Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics.  Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

### Susan J. Kilgore, CPA – Manager

Ms. Kilgore has 32 years of experience working as a manager and staff person in public accounting.  She has worked for a large and small accounting firm over this period.  She has substantial experience working primarily with commercial accounts of all sizes performing audits and year-end accounting and tax preparation.  She also has worked with a variety of different types of for-profit and not-for-profit companies.  She has an undergraduate Degree in Accounting and achieved the National Honor Society for Business Administration while in school.  She is a certified public accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

### Connie Lee – Staff

Ms. Lee is a third-year staff person performing accounting and tax services.  Ms. Lee has a Bachelor of Accounting from DeVry University.

4

## OPTOBIONICS CORPORATION

<u>Tricia Kong – Staff</u>

Ms. Kong is a second-year staff person performing accounting and tax services. Ms. Kong has a Masters in Accounting from the University of Illinois at Chicago and a Bachelor's of Commerce from the University of Alberta, Edmonton.

## STAFF – SUPERVISORS, SENIORS AND ASSISTANTS

### SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

### SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

### ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

5

## OPTOBIONICS CORPORATION

### FEE APPLICATION

The fees sought by this Third and Final Fee Application reflect an aggregate of 190.5 hours of ADLPC's time spent and recorded in performing services during the Third and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

6

# OPTOBIONICS CORPORATION

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application. All of this time is reflected in the 2008 time detail – not repeated in the 2009 detail.

|  | Cost | | | | $104.00 | |

A recap of compensation for this category is as follows:

|  | Hours | | Rate | | Amount |
|---|---|---|---|---|---|
| A. Lasko | 0.2 | $ | 245.00 | $ | 49.00 |
| C. Wilson, Staff | 1.0 | | 55.00 | | 55.00 |
| | 1.2 | | | $ | 104.00 |

## YEAR-END WORK

The Applicant incurred 28.2 hours in the preparation of the Estate's years 2008 and 2009 (final) workpapers and year-end tax returns. However, as previously stated, the Trustee did not close the case which resulted in the short period tax year being prepared as the final returns.

The work also included the following:

- Summarized Trustee's Forms 2.
- Updated all applicable workpapers for 2009 tax preparation.
- Estimated time to prepare Estate's final information tax returns (original listing for 2008, not repeated in 2009 time detail).

|  | Cost | | | | $4,126.80 | |

## OPTOBIONICS CORPORATION

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko (Post 07/01/09) | 2.4 | $ 260.00 | $ 624.00 |
| A. Lasko | 6.3 | 245.00 | 1,543.50 |
| S. Kilgore, Manager | 0.8 | 205.00 | 164.00 |
| T. Kong, Staff | 10.7 | 99.00 | 1,059.30 |
| C. Lee, Staff | 8.0 | 92.00 | 736.00 |
|  | 28.2 |  | $ 4,126.80 |

## AMENDED RETURNS

The Applicant incurred 11.8 hours in the preparation of the amended year 2008 tax returns. These returns originally were reflected as the "final" return for the Estate. However, the proceedings continued into 2009. The Trustee requested that the year 2008 return be "amended" and then the year 2009 return would be the "final" return for the Estate.

Cost          $1,863.60

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 3.2 | $ 260.00 | $ 832.00 |
| S. Kilgore, Manager | 1.7 | 205.00 | 348.50 |
| T. Kong, Staff | 6.9 | 99.00 | 683.10 |
|  | 11.8 |  | $ 1,863.60 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

8

## OPTOBIONICS CORPORATION

| | | | |
|---|---|---|---|
| Owner | $225 | - | $275 |
| Manager/Director | 175 | - | 225 |
| Supervisors | 160 | - | 175 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

### EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| | |
|---|---|
| Year-End Work | $  59.08 |
| Amended Returns | 24.70 |
| | $  83.78 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its third and final fee period are as follows:

| Recap by Project | First Interim | Second Interim | Third and Final | Total |
|---|---|---|---|---|
| Billing | $      158.00 | $      115.00 | $      104.00 | $      377.00 |
| Year-End Work | 11,773.20 | 6,854.70 | 4,126.80 | 22,754.70 |
| Payroll Tax Returns | | 552.40 | | 552.40 |
| Subsequent Review | | 695.00 | | 695.00 |
| Amended Returns | | | 1,863.60 | 1,863.60 |
| Net Request | $  11,931.20 | 8,217.10 | 6,094.40 | 26,242.70 |

9

## OPTOBIONICS CORPORATION

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 4.8 | $ 377.00 | $ 78.54 |
| Year-End Work | 162.3 | 22,754.70 | $ 140.19 |
| Payroll Tax Returns | 5.2 | 552.40 | $ 106.23 |
| Subsequent Review | 6.4 | 695.00 | $ 108.59 |
| Amended Returns | 11.8 | 1,863.60 | $ 157.93 |
| | 190.5 | $ 26,242.70 | $ 137.75 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.

(A)    the time spent on such services;

(B)    the rates charged for such services;

10

## OPTOBIONICS CORPORATION

(C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Third and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate.    ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this Third and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended,

11

## OPTOBIONICS CORPORATION

was carefully assigned in view of the experience and expertise required for a particular task.

Accordingly, approval of the Third and Final compensation sought herein for the Compensation

Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the

circumstances and its allowance would be appropriate. Therefore, the requested third and final

compensation of $6,094.40 and expenses of $83.78 should be allowed for services by your

Applicant for the period August 13, 2009 through October 5, 2009.

_____

Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Optobionics Corporation** | ) | **No. 07 B 08141** |
| | ) | |
| 02-0622897 | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| | ) | **Hon. John H, Squires** |

## AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
                  )           **SS.**
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.  I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Brenda Porter Helms, Chapter 7 Trustee in this case ("Trustee").

2.  I have read the Third and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.  Lasko has previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4.  The Applicant has had its first interim fee petition ruled upon for compensation of $11,931.20 and expenses of #297.02 for the time period June 15, 2007 through September 27, 2007. The Applicant has not had its second interim fee petition ruled upon yet for compensation of $8,217.10 and expenses of $37.02 for the time period September 28, 2007 through August 12, 2008.

13

FURTHER AFFIANT SAYETH NOT.

Alan D. Lasko

Subscribed and Sworn to before me
this _5th_ day of October, 2009.

Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/11/12

14

10/17/2008
12:11 PM

**Alan D. Lasko & Associates, P.C.**
**Pre-bill Worksheet**

Page    2

OptoCorp.002:Optobionics Corporation (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/6/2008 67377 | A. Lasko 800 | 245.00 | 0.40 | 98.00 | Billable |
| | Estimated time to review estate's final information tax returns and cover letter to trustee | | | | |

| TOTAL | Billable Fees | | 14.30 | | $2,279.50 |
|---|---|---|---|---|---|

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 9/4/2008 66608 | A. Lasko 105 | 1.00 | 1.000 | 1.00 | Billable |
| | postage - mailed response to irs | | | | |
| 9/4/2008 66609 | A. Lasko 115 | 1.20 | 1.000 | 1.20 | Billable |
| | photocopy costs - 12 @ $.10 re: ltr and attachments to irs response for payroll tax payments application | | | | |
| 10/6/2008 67374 | A. Lasko 105 | 4.80 | 1.000 | 4.80 | Billable |
| | postage - mailed returns to trustee | | | | |
| 10/6/2008 67375 | A. Lasko 115 | 13.00 | 1.000 | 13.00 | Billable |
| | photocopy costs - copies of federal and state tax returns and irs 60 day copy and letter (130 @ $.10) | | | | |

| TOTAL | Billable Costs | | | | $20.00 |
|---|---|---|---|---|---|

---

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| **Fees Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable time slips Total of Fees (Time Charges) | $2,279.50 | $2,279.50 |
| **Costs Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable expense slips Total of Costs (Expense Charges) | $20.00 | $20.00 |
| Total new charges | | $2,299.50 |
| Previous Balance 60 Days | $6,691.72 | |

| 10/17/2008<br>12:11 PM | Alan D. Lasko & Associates, P.C.<br>Pre-bill Worksheet | | Page 3 |

### OptoCorp.002:Optobionics Corporation (continued)

|  | Amount | Total |
|---|---|---|
| Total Previous Balance | | $6,891.72 |
| New Balance | | |
| 60 Days | $6,891.72 | |
| Current | $2,299.50 | |
| Total New Balance | | $9,191.22 |

Total Overdue:   $6,891.72

10/17/2008
12:11 PM

**Alan D. Lasko & Associates, P.C.**
**Pre-bill Worksheet**

Page   4

| | | | | |
|---|---|---|---|---|
| Nickname | OptoCorp.012 | 2692 | | |
| Full Name | Optobionics Corporation | | | |
| Address | c/o Brenda Helms Trustee | | | |
| | 3400 W. Lawrence | | | |
| | Chicago IL 60625 | | | |

| | | |
|---|---|---|
| Phone 1 | | Phone 2 |
| Phone 3 | | Phone 4 |
| In Ref To | fee petition | |
| Fees Arrg. | By billing value on each slip | |
| Expense Arrg. | By billing value on each slip | |
| Tax Profile | Exempt | |
| Last bill | 8/16/2008 | |
| Last charge | 10/13/2008 | |
| Last payment | 12/15/2007 | Amount | $158.00 |

| Date | User | | Rate | Hours | Amount | Total |
|---|---|---|---|---|---|---|
| ID | Task | | Markup % | DNB Time | DNB Amt | |
| 10/13/2008 | C. Wilson | | 55.00 | 1.00 | 55.00 | Billable |
| 67609 | 800 | | | | | |
| | Prepared third and final fee petition. | | | | | |
| 10/13/2008 | A. Lasko | | 245.00 | 0.20 | 49.00 | Billable |
| 67603 | 800 | | | | | |
| | preparation of billing | | | | | |

| | | | |
|---|---|---|---|
| TOTAL | Billable Fees | 1.20 | $104.00 |

Total of billable expense slips                                         $0.00

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| **Fees Bill Arrangement: Slips** | | |
| By billing value on each slip. | | |
| Total of billable time slips | $104.00 | |
| Total of Fees (Time Charges) | | $104.00 |
| Total of Costs (Expense Charges) | | $0.00 |
| Total new charges | | $104.00 |
| Previous Balance | | |
| 60 Days | $115.00 | |
| Total Previous Balance | | $115.00 |
| New Balance | | |
| 60 Days | $115.00 | |
| Current | $104.00 | |
| Total New Balance | | $219.00 |

**10/17/2008**
**12:11 PM**

**Alan D. Lesko & Associates, P.C.**
**Pre-bill Worksheet**

**Page    5**

**OptoCorp.012:Optobionics Corporation (continued)**

| | Amount | Total |
|---|---|---|

**Total Overdue:    $115.00**

10/5/2009
4:53 PM

**Alan D. Lasko & Associates, P.C.**
Pre-bill Worksheet

Page    1

---

| Selection Criteria |
|---|

| Clie.Selection | Include: OptoCorp.002; OptoCorp.012; OptoCorp.080 |
|---|---|

---

| Nickname | OptoCorp.002 | 2693 |
|---|---|
| Full Name | Optobionics Corporation |
| Address | c/o Brenda Helms Trustee |
| | 3400 W. Lawrence |
| | Chicago IL 60625 |

| Phone 1 | | Phone 2 |
|---|---|---|
| Phone 3 | | Phone 4 |
| In Ref To | tax prep |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | 10/17/2008 |
| Last charge | 9/10/2009 |
| Last payment | 12/15/2007 | Amount | $12,070.40 |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/14/2009 76269 800 | A. Lasko | 260.00 | 0.40 | 104.00 | Billable |
| | set up staff work for detailed review of workpapers and tax returns | | | | |
| 8/14/2009 76323 800 | T. Kong | 99.00 | 5.10 | 504.90 | Billable |
| | prepared workpapers and tax returns for 2009 | | | | |
| 8/15/2009 76316 800 | S. Kilgore | 205.00 | 0.40 | 82.00 | Billable |
| | Initial review of workpapers and corporate tax return, 2009 final | | | | |
| 8/17/2009 76447 800 | S. Kilgore | 205.00 | 0.40 | 82.00 | Billable |
| | Continue review of workpapers and tax return, 2009 | | | | |
| 8/17/2009 78160 800 | T. Kong | 99.00 | 1.40 | 138.60 | Billable |
| | preparation of workpapers and tax returns - corrections 2009 final | | | | |
| 9/8/2009 77078 800 | A. Lasko | 260.00 | 0.70 | 182.00 | Billable |
| | review of discharge of indebtedness for tax purpose and illinois net operating loss schedule on final return | | | | |
| 9/9/2009 77128 800 | A. Lasko | 260.00 | 0.60 | 156.00 | Billable |
| | review of workpapers and tax returns corrections to final 2009 returns | | | | |

10/5/2009
4:53 PM

**Alan D. Lasko & Associates, P.C.**
Pre-bill Worksheet

Page    2

OptoCorp.002:Optobionics Corporation (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 9/9/2009 77140 | T. Kong 800 | 99.00 | 4.20 | 415.80 | Billable |
| | continued to work re: preparation of workpapers and tax returns for 2009 final | | | | |
| 9/10/2009 77154 | A. Lasko 800 | 260.00 | 0.20 | 52.00 | Billable |
| | prepared irs 60 day letter for final 09 | | | | |
| 9/10/2009 77155 | A. Lasko 800 | 260.00 | 0.50 | 130.00 | Billable |
| | sign off of federal and state tax returns and irs 60 day copy and letter for final 2009 | | | | |
| TOTAL | Billable Fees | | 13.90 | | $1,847.30 |

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 9/10/2009 77211 | C. Wilson 104 | 23.58 | 1.000 | 23.58 | Billable |
| | Overnight mail for 2008 amended Form 1120X and 2009 final Form 1120 income tax returns - UPS tracking #1Z14Y8F40190163052. | | | | |
| 9/10/2009 77213 | C. Wilson 115 | 15.50 | 1.000 | 15.50 | Billable |
| | Photocopy costs for 2009 final Form 1120 - 155 paged @ $.10 per page. | | | | |
| TOTAL | Billable Costs | | | | $39.08 |

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips Total of Fees (Time Charges) | $1,847.30 | $1,847.30 |
| Costs Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable expense slips | $39.08 | |

10/5/2009                       **Alan D. Lasko & Associates, P.C.**
4:53 PM                               **Pre-bill Worksheet**                   Page    3

**OptoCorp.002:Optobionics Corporation (continued)**

|  | Amount | Total |
|---|---|---|
| **Total of Costs (Expense Charges)** |  | $39.08 |
| **Total new charges** |  | $1,886.38 |
| **Previous Balance** |  |  |
| 120 Days | $9,191.22 |  |
| **Total Previous Balance** |  | $9,191.22 |
| **New Balance** |  |  |
| 120 Days | $9,191.22 |  |
| Current | $1,886.38 |  |
| **Total New Balance** |  | $11,077.60 |

Total Overdue: $9,191.22

10/5/2009
4:53 PM

**Alan D. Lasko & Associates, P.C.**
**Pre-bill Worksheet**

Page     4

| | |
|---|---|
| Nickname | OptoCorp.080 \| 3302 |
| Full Name | Optobionics Corporation |
| Address | c/o Brenda Helms Trustee |
| | 3400 W. Lawrence |
| | Chicago IL 60625 |

| | | |
|---|---|---|
| Phone 1 | | Phone 2 |
| Phone 3 | | Phone 4 |
| In Ref To | amended returns | |
| Fees Arrg. | By billing value on each slip | |
| Expense Arrg. | By billing value on each slip | |
| Tax Profile | Exempt | |
| Last bill | | |
| Last charge | 9/10/2009 | |
| Last payment | | Amount    $0.00 |

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/20/2009 75583 | A. Lasko 800 | 260.00 | 0.40 | 104.00 | Billable |
| | call with trustee regarding 2008 amended and 2009 revised final to do | | | | |
| 8/13/2009 76182 | A. Lasko 800 | 260.00 | 0.60 | 156.00 | Billable |
| | assist staff with final revised year 2009 corp tax returns | | | | |
| 8/13/2009 76200 | T. Kong 800 | 99.00 | 2.90 | 287.10 | Billable |
| | prepare work paper file and 2008 amended tax return | | | | |
| 8/15/2009 76315 | S. Kilgore 800 | 205.00 | 1.30 | 266.50 | Billable |
| | Review workpapers and amended corporate tax return, 2008 | | | | |
| 8/17/2009 76353 | T. Kong 800 | 99.00 | 1.70 | 168.30 | Billable |
| | preparation of workpapers and tax returns - corrections amended returns | | | | |
| 8/17/2009 76446 | S. Kilgore 800 | 205.00 | 0.40 | 82.00 | Billable |
| | Review changes to amended return, 2008 | | | | |
| 8/19/2009 76476 | T. Kong 800 | 99.00 | 2.30 | 227.70 | Billable |
| | prepared changes to workpaper and tax returns - amended | | | | |
| 9/8/2009 77077 | A. Lasko 800 | 260.00 | 0.80 | 208.00 | Billable |
| | tax review for amended 2008 returns | | | | |
| 9/9/2009 77129 | A. Lasko 800 | 260.00 | 0.70 | 182.00 | Billable |
| | review of workpapers and tax returns - corrections for amended 2008 | | | | |

10/5/2009
4:53 PM

**Alan D. Lasko & Associates, P.C.**
Pre-bill Worksheet

Page     5

OptoCorp.080:Optobionics Corporation (continued)

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 9/10/2009 77156 | A. Lasko 800 | 260.00 | 0.20 | 52.00 | Billable |
| | prepared irs 60 day letter for amended 2008 | | | | |
| 9/10/2009 77157 | A. Lasko 800 | 260.00 | 0.50 | 130.00 | Billable |
| | sign off of federal and state tax returns and irs 60 day copy and letter for 2008 amended | | | | |
| TOTAL | Billable Fees | | 11.80 | | $1,863.60 |

| Date ID | User Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 9/10/2009 77212 | C. Wilson 115 | 24.70 | 1.000 | 24.70 | Billable |
| | Photocopy costs for 2008 amended Form 1120X - 247 pages @ $.10 per page. | | | | |
| TOTAL | Billable Costs | | | | $24.70 |

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips Total of Fees (Time Charges) | $1,863.60 | $1,863.60 |
| Costs Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable expense slips Total of Costs (Expense Charges) | $24.70 | $24.70 |
| Total new charges | | $1,888.30 |
| New Balance Current | $1,888.30 | |

**Alan D. Lasko & Associates, P.C.**
**Pre-bill Worksheet**

OptoCorp.080:Optobionics Corporation (continued)

| | Amount | Total |
|---|---|---|

Total New Balance

$1,888.30