IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 |
| | ) | |
| OPTOBIONICS CORPORATION, | ) | CASE NO. 07-08141 |
| | ) | |
| | ) | JUDGE SQUIRES |
| DEBTOR. | ) | |

APPLICATION OF SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC
FOR APPROVAL OF INTERIM COMPENSATION

NOW COMES Springer, Brown, Covey, Gaertner & Davis, LLC, and for and as its Application pursuant to Bankruptcy Code Sections 330(a)(1) and 331 for entry of an order approving interim compensation, respectfully represents as follows:

1. On May 23, 2007, an Order for Relief under Chapter 7 of the United States Bankruptcy Code was entered against Optobionics Corporation, and Brenda Porter Helms was thereupon appointed as Trustee therein.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. This request for relief is predicated on Sections 330(a) (1) and 331 of the Bankruptcy Code.

4. On June 8, 2007, an Order was entered by this Court authorizing Trustee to employ Springer, Brown, Covey, Gaertner & Davis, LLC (hereinafter "Springer Brown") as her counsel.

5. This Court has previously approved Interim Compensation to Springer Brown in the amount of $22,260.00 and expense reimbursement in the amount of $486.90 for the period May 23, 2007 through November 6, 2007.

6. During the period November 6, 2007 through June 10, 2009, Springer Brown have provided Trustee additional services and incurred additional expenses reasonable and necessary to the administration of this case, the general nature of which is set forth below and a specific itemization of which is attached hereto and incorporated herein.

7. The general nature of services provided to Trustee herein is as follows:

**BANK ACCOUNT TURNOVER:**

During the course of her investigation of Debtor's affairs, Trustee became aware of bank accounts at JP Morgan Chase Bank in which over $15,000.00 in funds were held on Deposit. Trustee attempted to recover those funds, first by demand letter, and then by obtaining a Turnover Order. JP Morgan Chase Bank, however, failed to turn over the funds to the Trustee. Therefore as a last resort, Counsel prepared and filed an Adversary Proceeding against JP Morgan Chase, as a result of which turnover of the funds was finally accomplished. Counsel expended 3.10 hours and seeks $1,145.50 in compensation therefore.

**CLAIMS OBJECTIONS:**

Upon her review of the claims register in this case, Trustee determined that a number of claims required objections. Many of those claims were claims of former employees of Debtor seeking priority treatment for their asserted severance pay entitlement. Another was by a secured creditor seeking to recover storage costs as a priority claim. Another was a secured claim for equipment that had already been recovered by the claimant. These claims, particularly those seeking priority treatment for severance pay, raised some rather novel issues of law requiring

research and briefing. Ultimately disallowance of most of these claims as priority claims was obtained, thereby enhancing the amount of funds available to unsecured creditors. With respect to such services, Counsel expended 13.60 hours and seeks compensation in the amount of $5,288.00 therefore.

**LIQUIDATION OF ASSETS:**

While by no means the lion's share of the estate, estate assets did include certain leftover parts and components inventory, files and records, and domains and trademarks. Counsel assisted Trustee in preparing and presenting Motions to sell or otherwise dispose of all such assets. In connection therewith, Counsel expended 4.1 hours and seeks compensation therefore in the amount of $1,660.50.

7. All services in this matter were performed either by David R. Brown (billed at the rate of $405.00 per hour) or by Arthur Rummler (billed at the rate of $305 per hour), customary for Springer Brown to charge for such services

8. The foregoing compensation rates are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity. David R. Brown is a 1978 graduate of the University of Chicago Law School, a former associate at Mayer, Brown & Platt, an attorney and former acting Assistant United States Trustee in the Office of the United States Trustee for the Northern District of Illinois, and a nineteen year panel trustee, and a Member of the firm of Springer, Brown, Covey, Gaertner & Davis, LLC. Mr. Rummler is a Senior Associate having represented trustees in this district for over eight years.

9. The services rendered by Applicant were necessary services that have benefited this estate by providing funds to distribute to creditors and enabling the Trustee to perform her statutory duties.

**WHEREFORE** Springer Brown prays that final compensation be awarded to them in the amount of $8,094.00 be allowed for the period from November 6, 2007 through June 10, 2009, that expenses in the amount of $211.84 be approved as reasonable and necessary, and that Trustee be authorized to pay the administrative expense of said compensation and expense reimbursement.

                                        Respectfully submitted:
                                        SPRINGER, BROWN, COVEY
                                        GAERTNER & DAVIS, LLC

                                        /s/ David R. Brown /s/
                              By:_____

David R. Brown
Springer, Brown, Covey, Gaertner & Davis, LLC
400 South County Farm Road
Suite 330
Wheaton, IL 60187
P: 630-510-0000
F: 630-510-0004
Email: dbrown@springerbrown.com

| DATE | ATTORNEY | DESCRIPTION OF SERVICES | TIME | RATE | AMOUNT |
|---|---|---|---|---|---|
| | | **Adverary Proceeding vs. JP Morgan Chase** | | | |
| 2/27/2009 | drb | Prepare Adversary Complaint against JP Morgan Chase Bank for turnover of bank accounts | 1.50 | $405.00 | $607.50 |
| 3/26/2009 | drb | review letter from Anquiano on behalf of Chase requesting extension | 0.20 | $405.00 | $81.00 |
| 4/3/2009 | awr | Prepare for and appear in court on adversary complaint and obtain dismissal thereof | 0.50 | $305.00 | $152.50 |
| 4/3/2009 | drb | Status on Adv. Against JP Morgan Chase | 0.30 | $405.00 | $121.50 |
| | awr | Prepare for and appear in court on adversary complaint and status of service | 0.60 | $305.00 | $183.00 |
| | | Category Total | 3.10 | | $1,145.50 |
| | | **Claims Objections** | | | |
| 1/10/2008 | drb | email from Helms re Claim 28 request for severance pay | 0.10 | $405.00 | $40.50 |
| 1/10/2008 | drb | Email from Helms re various claims requiring ovjections. Review claims and related versions of employment agreements pursuant to which priority treatment for severance pay were being asserted | 0.50 | $405.00 | $202.50 |
| 10/21/2008 | drb | Draft, file and serve Objections to Claims of Zorn, Pincus, Crown, Cannon, Selzer, Packo, Kotowski, and Oxford Finance | 4.20 | $405.00 | $1,701.00 |
| 11/13/2008 | drb | Letter from Pincus re address change | 0.10 | $405.00 | $40.50 |
| 11/21/2008 | drb | Initial hrg on objections to claims. Crown, Oxford, Packo, Kotowski, Pincus and Selzer disallowed. Briefing schedule set for Cannon and Zorn | 0.50 | $405.00 | $202.50 |
| 11/21/2008 | drb | Research cases regarding treatment of various types of claims for severance pay in terms of priority. Review Northwest Engineering case and its progeny. Review provisions of Warn Act as to need for notice of termination and rights of workers arising from a breach thereof. | 3.50 | $405.00 | $1,417.50 |
| 12/15/2008 | drb | Review Responses to objection filed by Zorn and Cannon | 1.00 | $405.00 | $405.00 |
| 1/15/2009 | drb | TC Cannon re settlement - trade figures | 0.20 | $405.00 | $81.00 |
| 1/20/2009 | awr | Review Response to Objection from 2 claimants | 0.50 | $305.00 | $152.50 |
| 1/21/2009 | awr | Research cases cited by claimants | 1.20 | $305.00 | $366.00 |
| 1/22/2009 | awr | Begin drafting reply to responses to claim objs. | 0.50 | $305.00 | $152.50 |
| 1/23/2009 | drb | TC w/ Cannon reaching a settlement of claims objections. | 0.20 | $405.00 | $81.00 |
| 1/23/2009 | drb | Prepare draft order reflecting settlement and transmit to Cannon and Krol for approval | 0.80 | $405.00 | $324.00 |

| Date | | Description | | | |
|---|---|---|---|---|---|
| 1/30/2009 | drb | Court hearing on claim objections. Settlement order entered. | 0.30 | $405.00 | $121.50 |
| | | Category Total | 13.60 | | $5,288.00 |

**Sale of Assets**

| Date | | Description | | | |
|---|---|---|---|---|---|
| 1/23/2008 | drb | Email from Helms regarding sale to Chow of remaining inventory and documents | 0.30 | $405.00 | $121.50 |
| 1/23/2008 | drb | Draft, file and serve Motion to Approve Sale of Inventory | 1.20 | $405.00 | $486.00 |
| 2/15/2008 | drb | Court hearing on Sale of Inventory Motion | 0.30 | $405.00 | $121.50 |
| 9/8/2008 | drb | review proposed Domain Name and Trademark Assignment Agreement between Chow and Trustee. | 0.40 | $405.00 | $162.00 |
| 9/11/2008 | drb | Prepare, file and serve Motion to Approve sale of Domain Name and Trademarks | 1.50 | $405.00 | $607.50 |
| 9/26/2008 | drb | Court hearing on Sale of Trademarks Motion | 0.40 | $405.00 | $162.00 |
| | | Category Total | 4.10 | | $1,660.50 |
| | | Grand Total: | 20.80 | | $8,094.00 |

**Expenses**

| Date | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| 1/23/2008 | Postage re Notice of Sale | 90.00 | $0.42 | $37.80 |
| | | 4.00 | $1.83 | $7.32 |
| | Copies | 130.00 | $0.10 | $13.00 |
| 9/11/2008 | Postage re Sale of Domain | 90.00 | $0.42 | $37.80 |
| | | 4.00 | $1.83 | $7.32 |
| | Copies | 126.00 | $0.10 | $12.60 |
| 10/21/2008 | Copies of Claims objections | 960.00 | $0.10 | $96.00 |
| | Expense Total: | | | $211.84 |